IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Herbert Demond York, | ) | C/A No.: 1:16-3972-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| Ofc. T. Starks; Ofc. Lovine; Major Jackson; and Juan Estrada, | ) | |
| Defendants. | ) | |

Herbert Demond York ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter is before the court on Plaintiff's motions to correct a defendant's name [ECF Nos. 18, 26] and Plaintiff's motion for appointment of counsel [ECF No. 39].

I. Motions to Correct Name

Plaintiff filed two motions concerning the spelling of the name of the defendant previously identified as Extratel. Juan Estrada filed an answer, noting he had been incorrectly identified as Extratel. Plaintiff's motions [ECF Nos. 18, 26] are granted to the extent he seeks to have the defendant correctly identified as Juan Estrada on the docket. The Clerk of Court is instructed to change the docket to reflect the correct name.

II. Motion for Appointment of Counsel

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1);

*Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he cannot afford counsel and has limited knowledge of the law and access to a law library. [ECF No. 39].

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). The court notes that Plaintiff has competently represented himself thus far. In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

April 10, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge