UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Hebert Demond York, | C/A No. 1:16-cv-03972-DCC |
| Plaintiffs, | |
| vs. | |
| Ofc. T. Starks, Ofc. Lovine, Major Jackson, Juan Estrada, | ORDER |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Compel for Sanctions and to Dismiss or, in the Alternative, for Summary Judgment. ECF Nos. 67, 68. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 15, 2017, the Magistrate Judge issued a Report recommending that both Motions be granted.[1] ECF No. 91. Plaintiff failed to file objections to the Report; the Court reviewed the Report for clear error and adopted the recommendation of the Magistrate Judge. ECF No. 97. Thereafter, Plaintiff filed a Motion to Reopen case which this Court granted and allowed Plaintiff an opportunity to file objections to the Report. ECF Nos. 102, 104. Plaintiff filed objections to the Report, and Defendants filed a Reply. ECF Nos. 113, 114.

---

[1] The Magistrate Judge previously issued a Report on October 19, 2017, recommending dismissal of this action. ECF NO. No. 74. The matter was recommitted to the Magistrate Judge by the Honorable Richard M. Gergel, United States District Judge for the District of South Carolina, for further evaluation based on the evidence presented in Plaintiff's objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in the Report which the Court incorporates by reference. In her discussion of the Motion to Dismiss or, in the Alternative, for Summary Judgment, the Magistrate Judge recommends granting the Motion for Summary Judgment because Plaintiff failed to exhaust his administrative remedies with respect to all of his claims. Plaintiff objects to the Magistrate Judge's conclusion and argues that he properly filed his Step 1 grievances and that Defendants have tampered with his mail.

Under the Prison Litigation Reform Act, a prisoner bringing an action with respect to prison conditions under § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a)

is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth*, 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Booth*, 532 U.S. at 741.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005).

Under SCDC Grievance Policy GA 10.12, in most cases, an inmate must attempt to informally resolve a grievance by submitting a Request to Staff Member Form to the appropriate staff member within eight days of the incident. ECF No. 68-3. If this does not resolve the issue, an inmate may file a Step 1 grievance. *Id.* If dissatisfied with the response to the Step 1 grievance, the inmate may appeal by filing a Step 2 grievance. *Id.*

Here, Plaintiff contends that he filed both an informal and formal grievance with SCDC. He seems to indicate that his Step 1 grievances should not have been returned for failing to attach Request to Staff Member Forms. However, Plaintiff does not contend that he attached the Request to Staff Member Form or that he refiled his Step 1 grievances with the proper documentation. Moreover, Plaintiff fails to allege, much less provide any

evidence in support, that he properly filed a Step 2 grievance with respect to any of his claims. To the extent that Plaintiff labeled some of his grievances as appeals, it does not appear that he consistently maintained the same claim throughout or properly completed the grievance procedure. *See, e.g.*, ECF No. 76-1 at 7, 8, 11. Upon review of the record, including the grievances submitted by Plaintiff, the Court finds that Plaintiff failed to properly exhaust his administrative remedies and that summary judgment is appropriate.[2]

Therefore, the Court adopts the Magistrate Judge's discussion of Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment and **GRANTS** the Motion for Summary Judgment [68]. The Court finds as **MOOT** the Motion to Compel for Sanctions [67].[3]

IT IS SO ORDERED.

August 21, 2018  s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina  United States District Judge

---

[2] To the extent Plaintiff argues that Defendants tampered with his mail, Plaintiff has failed to identify what documents are missing that would support his claims. Plaintiff also fails to provide any support for this assertion beyond his own conclusory allegations. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion).

[3] Accordingly, the Court declines to address Plaintiff's arguments that he complied with all relevant Court orders and participated in discovery.